FILED
SUPERIOR COURT
OF GUAM

2025 APR -9 PM 3: 09

CLERK OF COURT

BY:



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DEPARTMENT OF PARKS and RECREATION,<br><br>        Petitioner,<br><br>vs.<br><br>CIVIL SERVICE COMMISSION,<br><br>        Respondent,<br><br>LYNDA B. AGUON,<br><br>        Real Party in Interest. | **SUPERIOR COURT CASE NO. SP0046-20**<br><br><br><br>**DECISION AND ORDER RE PETITION FOR JUDICIAL REVIEW** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on March 10, 2025, for a hearing on Agency-Petitioner Department of Parks and Recreation's ("DPR", "Petitioner", or "Management") Verified Petition for Judicial Review (the "Verified Petition") of a Decision and Judgment by the Guam Civil Service Commission ("CSC"). Present at the hearing were Chief Deputy Attorney General Joseph Guthrie representing DPR and Attorney Michael Phillips ("Phillips"), representing the Real Party in Interest, Lynda B. Aguon ("Ms. Aguon" or "Employee"). Administrative Counsel Katherine Nepton ("Nepton"), counsel for the CSC, notified the Court that she would be off-island for the hearing. The Court took the matter under advisement without argument.

Based upon the filings and applicable law, the Court hereby **DENIES** DPR's Petition and **AFFIRMS** the CSC's February 11, 2020 Decision and Judgment, but remands this case to the CSC for the purpose of determining damages. The Court also **GRANTS** Declaratory Judgment invalidating any and all CSC policies not created using the methods required by the law, including requiring DPR to call Ms. Aguon as its last witness and setting advance time limits on witness and Employee testimony.

## BACKGROUND

Real Party in Interest, Lynda B. Aguon, was employed by the Department of Parks and Recreation under the job title of Guam Historic Preservation Officer. Verified Petition for Writ of Jud. Rev. at ¶¶ 4-5 (March 13, 2020). Ms. Aguon was served with a Notice of Proposed Adverse Action on June 4, 2019. *Id.* at ¶ 6. On or about June 18, 2019, Ms. Aguon's employment was terminated for alleged violations of Guam law and departmental policies. *Id.* at ¶ 7. Ms. Aguon appealed this termination to the Guam Civil Service Commission on June 20, 2019. *Id.* at ¶ 11.

On December 31, 2019, Administrative Law Judge ("ALJ") Eric Miller issued his Findings of Fact, Conclusions of Law, and Recommendations After Hearing on the Merits to Aguon and DPR. (Verified Pet. Ex. 2). ALJ Miller concluded that "Management proved by clear and convincing evidence…that Employee was insubordinate in refusing in her May 10, 2019 letter to follow the Director's orders, and by violating a written gag order while her investigation was on-going." *Id.* at 7. Accordingly, ALJ Miller recommended that the adverse action be affirmed. *Id.* The CSC held a hearing on January 14, 2020 to determine whether it would accept, modify, or reject the ALJ's recommendation. The CSC voted 4-0 opposing rejection of the recommendation; 3-1 to modify the recommendation; and 3-1 to accept the recommendation.

(Verified Pet. Ex. 1). As four (4) commissioners did not affirm the termination, the CSC revoked the adverse action, reinstated Aguon, and awarded her back pay, reasonable attorney's fees and costs. *Id.* The CSC signed a Decision and Judgment in this case on February 11, 2020, and that decision was served on the parties on February 12, 2020. Petitioner brought this issue before the Court to request judicial review of this CSC decision, and to seek an immediate stay of execution and enforcement of the CSC decision.

DPR's Verified Petition for Judicial Review, filed on March 13, 2020, also included a request for a declaratory judgment invalidating several CSC practices pursuant to the Court's discretion in 5 GCA § 9303(c) and 5 GCA § 9309. Verified Petition at ¶ 69.

On July 3, 2024, the Court issued an Order for Further Briefing, asking the Petitioner to brief which law they believe the CSC was in disagreement with and why, and asking the Respondents to brief their opposition in light of changes to *Chevron* and judicial deference to agencies. After receiving and reviewing their briefs, the Court now issues the following decision.

## DISCUSSION

The Court will first address whether the CSC's Decision and Judgment resulting in reinstatement of Ms. Aguon was erroneous and should be vacated and/or remanded back to the CSC for further proceedings. The second issue the Court will address is whether the informal standing rules used by the CSC in this case were created incorrectly and are therefore unenforceable. The Court will then briefly address the issues of reinstatement and damages. The Court recognizes Petitioner brought up many points in its March 13, 2020 filing, but has chosen to address only those which the Court believes to be most relevant at this time. The Court has decided not to address Petitioner's prayer for relief points 15-18 because Petitioner failed to establish sufficient facts and law to necessitate a review at this stage.

## I. Standard of Judicial Review for CSC Decisions

Judicial Review of a CSC determination by an Agency or employee is provided for in 4 G.C.A. § 4406(f), which states that the "government department, agency, instrumentality, or the employee may petition the Superior Court for judicial review of an adverse action appeal only after…the appeal has been heard by the Commission and a final written or oral decision has been issued." 5 G.C.A. § 9240 further states that "judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence."

Under 7 G.C.A. § 7117, when "jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given." Guam courts have previously determined the standard of review of CSC determinations to be that "[q]uestions of fact are reviewed under the substantial evidence standard, while questions of law are reviewed de novo." *Port Auth. of Guam*, 2018 Guam 18 ¶ 5. In 2024, the U.S. Supreme Court overturned the *Chevron* doctrine, which had given increased discretion to agency interpretation of statutes. *Loper Bright Enterprises v. Raimondo*, 603 US 369 (2024). In *Loper*, the U.S. Supreme Court mandated that courts should exercise independent judgment when deciding if an agency has acted within statutory authority, and instructed that courts should not defer to agency interpretation just because a statute is ambiguous. *Id.* Judges are to reach final determinations of interpretating statutory authority be their own reasoning. *Id.* Therefore, this is the standard for interpretation exercised by the Court in the following judgments.

## II.   Whether the CSC Erred in its February 11, 2020 Decision that Employee Prevailed When the Required Votes Were Not Obtained in the January 14, 2020 Hearing

The hearings for this adverse action began with Administrative Law Judge Miller, whose role it is to assist the Commission with adjudicatory responsibilities. Under 4 GCA § 4405(c), the ALJ has authority to handle hearings related to technical or procedural matters, preliminary evidentiary motions, and any other matters deemed appropriate by the Commission, "including full merit hearings." All ALJ decisions are forwarded to the Commission, which has authority to accept, reject, or modify the ALJ's determinations in whole or part. 4 GCA § 4405(c)(2).

Under 4 GCA § 4402, the "affirmative vote of four (4) members shall be required for *any action* of the Commission" (emphasis added). 4 GCA § 4407(a) states that "[u]pon the hearing of any adverse action appeal, the burden of proof shall be upon the government to show clearly and convincingly that the action of the Branch, department, agency or instrumentality was correct."

The Court has jurisdiction to conduct a judicial review of the CSC determination under 5 GCA § 9240, which states "[j]udicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence."

The CSC reported in its February 12, 2020 Decision and Judgment that Chairman Calvo asked if the Commissioners wished to reject the ALJ's recommendations, and the Commissioners voted 4 to 0 opposing rejection. CSC Decision and Judgment (Feb. 11, 2020) at p. 3. The CSC further reported that the vote was 3 to 1 to modify the recommendation, with Commissioner

Benavente dissenting, and 3 to 1 to accept the recommendation, with Chairman Calvo dissenting.[1] *Id.* In short, the CSC agreed not to reject the ALJ's recommendations, but could not agree to accept them. In its Decision and Judgment, the CSC stated that "[m]anagement has the burden of proof [under] 4 GCA § 4407" and "[m]anagement failed to get the affirmative vote of four (4) Commissioners to affirm the termination," resulting in the Employee prevailing. CSC Decision and Judgment (February 11, 2020). As a result, the CSC revoked the adverse action against Ms. Aguon and ordered that she be reinstated and awarded back pay and attorney fees.

It is the opinion of this Court that the CSC appropriately applied the law and rules governing the CSC in its determination to revoke the adverse action. The law is clear that an affirmative vote from four Commissioners is required for the CSC to act, including to accept a recommendation from the ALJ. Under 4 GCA § 4405(c)(2), all determinations from the ALJ must be forwarded to the CSC to accept, reject, or modify. In this case, the CSC voted not to reject the ALJ's recommendation, but did not properly vote to accept or modify it. The ALJ decision was never accepted by the Commission, and therefore cannot be currently binding on the parties, as is argued by DPR in its Petition. Verified Petition at ¶ 34.

Petitioner DPR argues that the Commission's conclusion that Employee prevailed is erroneous because "Petitioner was not required to get four (4) affirmative votes as the motion hearing set on January 14, 2020…was for the Commission to take action or not as to the ALJ decision which was read into the record and forwarded to the parties for review." *Id.* at ¶ 46. This

---

[1] Petitioner DPR has asserted that Commissioner Tuncap was never given an opportunity to vote on the "rejection" vote. Verified Petition for Writ of Judicial Review (March 13, 2020) at ¶ 28. This is in direct opposition to the events described by the CSC in its Decision and Judgment. As above, "[q]uestions of fact are reviewed under the substantial evidence standard, while questions of law are reviewed de novo." Whether Commissioner Tuncap voted is a question of fact. The Court has reviewed the transcript of the CSC Hearing and does not believe there is substantial evidence to support DPR's set of facts.

interpretation places particular emphasis on a fact that is ultimately inconsequential. 4 GCA § 4407(a) places the burden of proof in any adverse action appeal on "the government [Petitioner] to show clearly and convincingly that the action of the Branch, department, agency or instrumentality was correct." ALJ Miller found that was that there was clear and convincing evidence that Employee was insubordinate, which led him to recommend that the adverse action be affirmed. By not acquiring four (4) affirmative votes accepting the ALJ's recommendation to affirm the adverse action, DPR effectively failed to get the affirmative vote of four Commissioners to affirm the termination. Therefore, the Petition for Judicial Review is denied and the CSC's February 11, 2020 Decision and Judgment is affirmed.

**III.     Whether the CSC's Policies for Time Limits and Order of Witnesses Were Improperly Created and are Unenforceable**

Petitioner DPR has requested the Court to invalidate various CSC practices pursuant to the Court's discretion in 5 GCA § 9303(c) and 5 GCA § 9309. According to Petitioner, the CSC implemented new informal or standing rules during the hearing at issue in this case, including requiring Petitioner to call the Employee as the last witness, and setting advance time limits on witness and Employee testimony. Verified Petition ⁋ 69. Petitioner DPR claims that these new limitations "attempt to amend or otherwise contradict CSC's rules" and fail to properly amend existing rules under the rule-making provisions of the Administrative Adjudication Act ("AAL"). *Id.* at ⁋ 70. Petitioner filed several motions in August 2019 disputing the above-mentioned rules, but, according to Plaintiff, the CSC did not issue a written order on these issues at any point. *Id.* at ⁋⁋ 72-76.

In 5 GCA § 9309, the law gives the Superior Court authority to review the validity of any rule upon petition for a declaratory judgment, "when it appears that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair the legal rights or

privileges of the petitioner." The Court may grant a declaratory judgment only after 1) the petitioner requests the agency to pass upon the validity of the rule in question and 2) the agency has so ruled or has failed to rule within ninety (90) days. If the Court finds that the rule violates the law, exceeds the statutory authority of the agency, or was "was adopted without compliance with statutory rule-making procedures", the Court must declare it to be invalid. 5 GCA § 9309(b).

It is the duty of every government agency with the power to "make, adopt, promulgate or enforce" rules to prepare those rules and regulations according to specific standards outlined in 5 GCA § 9303. These standards include but are not limited to the rules: conforming to a standard system, being filed with the Governor of Guam, being filed with the Attorney General of Guam, and receiving approval. To date, the Court has seen no evidence that the CSC complied with these standards when creating the informal or standing rules which were required of the parties in this case. According to Petitioner DPR, the CSC required Petitioner to call Employee Ms. Aguon as its last witness and set "advance" time limits on witness and Employee testimony. These requirements are not found in the current version of the CSC's Adverse Action rules. Therefore, based on the information before the Court, it appears that these rules were adopted and implemented "without compliance with statutory rule-making procedures." Therefore, under 5 GCA § 9309(b), the Court is responsible to declare these rules to be invalid.

The Court is at liberty to make this Declaratory Judgment because 1) Petitioner DPR has already requested the CSC to evaluate the validity of the rules in question by setting forth its concerns in its Motions filed on August 6, 2019 (Verified Pet. Ex. 4); and 2) the CSC has failed to address the concerns raised in Petitioner's Motions in any written order and it has been more than ninety (90) days since Petitioner made its request.

The Court understands that the CSC may have an interest in placing time limits or specific orders on witness testimony in hearings, however, the Court wishes to reiterate that all government agencies must comply with the rule-making procedures of the Administrative Adjudication Act before attempting to adopt and implement new rules. Failing to do so may endanger the due process rights of the parties involved, and has the potential to obstruct a just result from taking place. As implemented in this case, these rules threaten to interfere with or impair the legal rights or privileges of the Petitioner. Therefore, this Court **GRANTS** Petitioner's request that this Court issue a declaratory ruling ordering that no CSC informal rule, practice, or policy necessary to the adjudication of matters before the CSC be applied to CSC hearings other than its current adverse action rules, unless those new rules, practices, or policies be created in compliance with Guam's Administrative Adjudication Laws.

## IV. Employee's Reinstatement and Damages

### A. Reinstatement

Part of the relief sought by Petitioner in its Petition is that the reinstatement of the MS. Aguon be delayed until this appeal has concluded. This decision resolves the appeal, and therefore this Request for Stay of Execution is moot. Furthermore, under 4 GCA § 4406(g), "[w]here the Commission has modified or revoked an adverse action in favor of the employee from the classified service, the employee shall be reinstated immediately pursuant to the terms of the decision until such time as the decision is overturned by judicial review." The Court sees no reason to depart from the typical process of the law, particularly given the fact that this law applies specifically to adverse actions under appeal, just like this one. The Employee is to be reinstated immediately, as required by law.

B.    Damages

As part of its Decision and Judgment, the CSC ordered that Employee be reinstated, and that she be awarded damages of backpay and reasonable attorney's fees. However, Petitioner asserts and this Court agrees that the CSC failed to properly address the issue of the amount in damages owed to the Employee. Verified Petition ¶ 54. According to Petitioner, the CSC set a motion hearing for March 10, 2020, which did not go forward because there was not a quorum. *Id.* at ¶ 55. Petitioner had anticipated that this hearing would include addressing setting an evidentiary hearing to determine Employee's damages and fees. *Id.* However, to date, there has not been a hearing to determine Employee's backpay, investigate her efforts toward her duty to mitigate, or determine the amount of attorney's fees that should be awarded. *Id.* at ¶¶ 56-57. Although this Court has chosen to affirm the determinations in the CSC's February 11, 2020 Decision and Judgment, the Court believes it is necessary to remand this case to the CSC for the purpose of establishing damages, including backpay and attorney's fees. The CSC is ordered to hold an evidentiary hearing to establish the exact amounts of Employee's damages and fees, with that analysis including consideration of Employee's duty to mitigate.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** DPR's Petition and **AFFIRMS** the CSC's February 11, 2020 Decision and Judgment, **GRANTS** Petitioner's requested Declaratory Judgment, and **REMANDS** the case to the CSC for the purpose of determining exact damages amounts.

**SO ORDERED** this ___4 | 9 | 25___ .


_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to: _Civil Serv Commission_
_AG's - Civil Litigation_
_Phillips & Bordallo_
APR 0 9 2025 Date: _____ Time: _3:22 pm_

_Edna M- Hego_
Deputy Clerk, Superior Court of Guam